UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| In re: )<br>)<br>JEWETT W. TUCKER, JR., )<br>)<br>    Debtor. )<br>)<br>DONALD F. WALTON, )<br>UNITED STATES TRUSTEE, REGION 21, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JEWETT W. TUCKER, JR., )<br>)<br>    Defendant. )<br>_____) | Chapter 7 Case No. 08-40990-LWD<br><br><br><br>Adversary Case No. _____ |

## COMPLAINT OBJECTING TO DISCHARGE

DONALD F. WALTON, the United States Trustee for Region 21 ("United States Trustee"), files this Complaint objecting to discharge in the above-captioned case and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4. The United States Trustee monitors and supervises the administration of cases commenced under Chapters 7, 11, 12, and 13 of the Bankruptcy Code pursuant to 28 U.S.C. § 586(a)(3) and brings this action pursuant to 11 U.S.C. § 727 and 11 U.S.C. § 105.

5. Debtor Jewett W. Tucker, Jr. is an individual debtor under Chapter 7 of the Bankruptcy Code in Southern District of Georgia Case No. 08-40990-LWD.

6. The filing of this complaint is timely in accordance with Fed. R. Bankr. P. 4004(a).

7. This complaint initiates an adversary proceeding under Fed. R. Bankr. P. 7001(4).

## GENERAL FACTUAL ALLEGATIONS

8. Jewett W. Tucker, Jr. ("Debtor") filed a Chapter 11 bankruptcy case on June 5, 2008.

9. The chapter 11 case was converted to chapter 7 on August 5, 2009.

10. In Schedule A as originally filed and as amended, Debtor failed to disclose parcels of real estate.

11. In Schedule B as originally filed and as amended, Debtor failed to disclose bank accounts that were in existence at the time of filing.

12. In Schedule B as originally filed and as amended, Debtor failed to disclose other personal property, including but not limited to horses with significant value.

13. In his Statement of Financial Affairs, Debtor failed to give accurate information about his real income in prior years.

14. In his Statement of Financial Affairs, Debtor failed to disclose transfers of real property that occurred within one year (and also within two years) prior to filing.

15. In his Statement of Financial Affairs, Debtor failed to disclose bank accounts that had been closed in the twelve months prior to filing.

16. In his Statement of Financial Affairs, Debtor failed to disclose transfers of significant personal property, including but not limited to money in bank accounts.

17. While his chapter 11 case was pending, Debtor filed Monthly Operating Reports that were materially false.

18. While the chapter 11 case was pending, and during the pendency of this chapter 7 case, Debtor refused to provide adequate information and documents relating to his financial activities and circumstances.

19. At the 341 meeting of creditors in the chapter 7 case, Debtor failed to disclose all of his assets, including but not limited to some of the items described above.

20. The Debtor signed the Declaration Concerning Debtor's Schedules, swearing under penalty of perjury that the information provided in the Schedules was true and correct to the best of

his knowledge, information, and belief.

## COUNT I
## 11 U.S.C. § 727(a)(2)(A)

21.     The United States Trustee hereby incorporates by reference each and every allegation contained in Paragraphs One (1) through Twenty (20), inclusive.

22.     The Debtor, with intent to hinder, delay, or defraud his creditors or an officer of the estate charged with custody of property under the Bankruptcy Code, transferred property within one year before the date of the filing of the petition and subsequently failed to disclose the transfer(s).

23.     Based on the foregoing, Debtor should be denied a discharge of debt under section 727 of the Bankruptcy Code.

## COUNT II
## 11 U.S.C. § 727(a)(2)(B)

24.     The United States Trustee hereby incorporates by reference each and every allegation contained in Paragraphs One (1) through Twenty-Three (23), inclusive.

25.     The Debtor, with intent to hinder, delay, or defraud his creditors or an officer of the estate charged with custody of property under the Bankruptcy Code, concealed property of the estate by failing to disclose said property in his bankruptcy papers.

26.     Based on the foregoing, Debtor should be denied a discharge of debt under section 727 of the Bankruptcy Code.

## COUNT III
## 11 U.S.C. § 727(a)(3)

27.     The United States Trustee hereby incorporates by reference each and every allegation contained in Paragraphs One (1) through Twenty-Six (26), inclusive.

28.     The Debtor concealed recorded information from which the Debtor's financial condition might have been ascertained.

29.     Based on the foregoing, Debtor should be denied a discharge of debt under section 727 of the Bankruptcy Code.

## COUNT IV
## 11 U.S.C. § 727(a)(4)

30. The United States Trustee hereby incorporates by reference each and every allegation contained in Paragraphs One (1) through Twenty-Nine (29), inclusive.

31. The information and statements given by the Debtor in his Schedules were false and inaccurate.

32. The testimony given by the Debtor at the 341 meeting of creditors was false and inaccurate.

33. By omitting material information and/or including inaccurate information on his bankruptcy papers and by testifying falsely under oath, the Debtor knowingly and fraudulently, in or in connection with this case, made a false oath or account.

34. Based on the foregoing, Debtor should be denied a discharge of debt under section 727 of the Bankruptcy Code.

## PRAYER

WHEREFORE, the United States Trustee prays for the following relief:

A. On Count I, for an order by this Court denying Debtor any discharge of debt pursuant to 11 U.S.C. § 727(a)(2)(A);

B. On Count II, for an order by this Court denying Debtor any discharge of debt pursuant to 11 U.S.C. § 727(a)(2)(B);

C. On Count III, for an order by this Court denying Debtor any discharge of debt pursuant to 11 U.S.C. § 727(a)(3);

D. On Count IV, for an order by this Court denying Debtor any discharge of debt pursuant to 11 U.S.C. § 727(a)(4); and

E. For such other and further relief as the Court deems just and proper.

Dated: November 9, 2009

Respectfully submitted,

DONALD F. WALTON,
United States Trustee - Region 21

By: */s/ Matthew E. Mills*
Matthew E. Mills
Assistant United States Trustee

Office of the U.S. Trustee
222 West Oglethorpe Avenue, Suite 302
Savannah, Georgia 31401
(912) 652-4112